UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN LIMBIRD DAVIS,

          Plaintiff,

   v.

V. ROY LEFCOURT,

          Defendant.

Case No. 16-cv-04980-JD

**ORDER OF DISMISSAL**

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4  face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7  should assume their veracity and then determine whether they plausibly give rise to an entitlement

8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

12      **LEGAL CLAIMS**

13      Plaintiff alleges that his defense attorney did not properly handling his criminal case.

14  Plaintiff seeks money damages.  Defendants in state court prosecutions cannot generally sue their

15  lawyers under Section 1983 for mistakes in their representation.  A public defender does not act

16  under color of state law, an essential element of an action under 42 U.S.C. § 1983, when

17  performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at

18  trial, cross-examining witnesses, and making closing arguments.  *Polk County v. Dodson*, 454

19  U.S. 312, 318–19 (1981).  A private attorney representing a defendant or appellant also is not a

20  state actor.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.

21  2003).

22      Plaintiff's allegations against his attorney fall within the scope of work that *Polk County*

23  has determined is not actionable under Section 1983.  For this reason, the claim may not proceed.

24  Nor can plaintiff present a state cause of action for malpractice under Section 1983.  *See Ove v.*

25  *Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts

26  to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal

27  Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted).  To

28  the extent that this may have occurred as part of a federal criminal trial, plaintiff is still not entitled

United States District Court
Northern District of California

2

to relief.  *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorney not a federal actor for purposes of *Bivens* action).  Because plaintiff has already been provided leave to amend and because providing further amendments would be futile, this case is dismissed without leave to amend.

## CONCLUSION

1.    The complaint is **DISMISSED** with prejudice for failure to state a claim.

2.    The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  January 17, 2017

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN LIMBIRD DAVIS,

            Plaintiff,

      v.

V. ROY LEFCOURT,

           Defendant.

Case No.  16-cv-04980-JD

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on January 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Limbird Davis
#16664426
850 Bryant Street
San Francisco, CA 94103

Dated: January 17, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4