UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LIMBIRD DAVIS,<br>　　Plaintiff,<br>　v.<br>V. ROY LEFCOURT,<br>　　Defendant. | Case No. 16-cv-04980-JD<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**<br>Re: Dkt. Nos. 12, 13 |

　　Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 that was dismissed at screening for failure to state a claim. Plaintiff has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

　　A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

　　Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

Plaintiff sought money damages from his defense attorney's alleged mishandling of his criminal case. Plaintiff was informed that defendants in state court prosecutions cannot generally sue their lawyers under Section 1983 for mistakes in their representation. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). A private attorney representing a defendant or appellant also is not a state actor. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff's allegations against his attorney fell within the scope of work that *Polk County* has determined is not actionable under Section 1983. For this reason, the claim was not permitted to proceed. Nor could plaintiff present a state cause of action for malpractice under Section 1983. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted). To the extent that this may have occurred as part of a federal criminal trial, plaintiff is still not entitled to relief. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorney not a federal actor for purposes of *Bivens* action).

In his motion to alter or amend the judgment, plaintiff contends he should be able to proceed because of the Federal Tort Claims Act. It is not clear if plaintiff was prosecuted in state or federal court, yet an appointed federal defense attorney is not a federal actor. *See Cox* at 1099. Furthermore, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiff cannot obtain money damages until

he can demonstrate the conviction has been reversed.  For all these reasons, the motion to alter or amend the judgment (Docket Nos. 12, 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 24, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN LIMBIRD DAVIS,

    Plaintiff,

  v.

V. ROY LEFCOURT,

    Defendant.

Case No. 16-cv-04980-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 24, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Limbird Davis
#16664426
850 Bryant Street
San Francisco, CA 94103

Dated: February 24, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4